**NOT YET SCHEDULED FOR ORAL ARGUMENT**

No. 22-7026

In the

# United States Court of Appeals for the District of Columbia Circuit

―――――――――――

LORI E. TERRELL,

*Plaintiff-Appellant,*

v.

MR. COOPER GROUP, INC.; DOES (1-50),

*Defendants-Appellees.*

―――――――――――

On Appeal from the United States District Court for the
District of Columbia
Hon. Colleen Kollar-Kotelly
Case No. 1:20-cv-00496-CKK

―――――――――――

**APPELLEE MR. COOPER GROUP, INC.'S
MOTION FOR SUMMARY AFFIRMANCE**

―――――――――――

Lyle D. Kossis
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
T: (804) 775-4703
F: (804) 698-2041
lkossis@mcguirewoods.com

*Counsel for Appellee Mr. Cooper Group, Inc.*

## TABLE OF CONTENTS

                                                                                                                             **Page**

INTRODUCTION ...............................................................................................1

BACKGROUND ................................................................................................2

ARGUMENT .....................................................................................................7

I.      Standard of Review...................................................................................7

II.     The Court Did Not Abuse Its Discretion Regarding the Second
Dismissal Order. ......................................................................................8

        A.      Granting Appellee's Motion to Dismiss and Dismissing the
SAC and Case Without Prejudice Was a Proper Use of the
District Court's Discretion. ................................................................8

        B.      The District Court Was Correct in Denying Appellant's Motion
to Vacate. ........................................................................................10

        C.      The Court Should Summarily Affirm the District Court's
Denial of Appellant's Other Requests for Relief. ............................11

III.    The Court Did Not Abuse Its Discretion By Denying the Second
Motion to Vacate. ...................................................................................12

CONCLUSION ................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cascade Broadcasting Grp., Ltd. v. FCC*,
   822 F.2d 1172 (D.C. Cir. 1987) ................................................................... 7, 8

*Ciralsky v. CIA*,
   355 F.3d 661 (D.C. Cir. 2004) ............................................................ 9, 12, 13

*Firestone v. Firestone*,
   76 F.3d 1205 (D.C. Cir. 1996) ......................................................................... 12

*Jiggetts v. District of Columbia*,
   319 F.R.D. 408 (D.D.C. 2017) ........................................................................... 9

*Nationstar Mortgage LLC v. Terrell*,
   No. 2016 CA 002420 R(RP) (D.C. Super. Ct. filed Apr. 1, 2016) ............. 2, 9

*Niedermeier v. Office of Baucus*,
   153 F. Supp. 2d 23 (D.D.C. 2001) .................................................................. 12

*Sills v. Bureau of Prisons*,
   761 F.2d 792 (D.C. Cir. 1985) ........................................................................... 8

*Taxpayers Watchdog, Inc. v. Stanley*,
   819 F.2d 294 (D.C. Cir. 1987) ..................................................... 8, 10, 11, 13

**Statutes**

15 U.S.C. § 1692 .................................................................................................... 3

28 U.S.C. § 1292 .................................................................................................. 10

28 U.S.C. § 1331 .................................................................................................... 2

28 U.S.C. § 1332 .............................................................................................. 2, 10

28 U.S.C. § 1367 .................................................................................................... 2

28 U.S.C. § 1441 .................................................................................................... 2

28 U.S.C. § 1446 ........................................................................................ 3, 10

Pursuant to Local Circuit Rule 27, Appellee Mr. Cooper Group, Inc. ("Appellee"),[1] respectfully asks the Court to summarily affirm the District Court's Orders of July 2, 2021, and February 9, 2022 disposing of Appellant's Second Amended Complaint and the case without prejudice.

## **INTRODUCTION**

Appellee asks that this Court summarily affirm the District Court's dismissal of Appellant's Second Amended Complaint under Federal Rule of Civil Procedure 8(a) and the case without prejudice. Despite being given the opportunity, Appellant failed to correct the issues with her pleadings that the District Court outlined in the First Dismissal Order; that is, providing the District Court and the Appellee with a short and plain statement of her claims. The Second Amended Complaint and incorporated affidavit total over 150 pages and over 400 numbered paragraphs. In addition, Appellant's pleadings are incomprehensible. Appellant makes no coherent argument that the District Court erred in (a) determining that it had removal jurisdiction, (b) granting Appellee's Motion to Dismiss the Second Amended Complaint and the case without prejudice, or (c) denying Appellant's other

---

[1] Below, Appellant named "Mr. Cooper Group, Inc." as the defendant in this action; however, Mr. Cooper Group, Inc. is the parent company of the Nationstar Mortgage Holdings Inc. family, which includes Nationstar Mortgage LLC d/b/a Mr. Cooper, and has had no direct dealings or involvement with the loan at issue. Appellee assumes this is simply a misnomer and that Appellant intended to name "Nationstar Mortgage LLC d/b/a Mr. Cooper" as the Appellee.

miscellaneous relief as duplicative and without merit. Therefore, the Court should summarily affirm the decisions of the District Court.

## BACKGROUND

On or about December 30, 2019, Appellant Lori E. Terrell filed a Complaint against Appellee and others for Fraud, Restraint of Trade, Injunctive, Equitable and Other Relief with a Jury Demand in the Superior Court of the District of Columbia ("Superior Court Action"). On January 21, 2020, Appellant amended her complaint (the "Amended Complaint"). A copy of the Amended Complaint is attached hereto as **Exhibit A**. On February 20, 2020, Appellee removed the Superior Court Action to the District Court pursuant to 28 U.S.C. §§ 1441(a), 1331, 1332, and 1367.

The Amended Complaint was incoherent. Not including exhibits, the Amended Complaint was 90 pages long and contains 339 paragraphs. *See* Ex. A. From what Appellee could ascertain, Appellant's allegations stem from, among other things, the foreclosure of property at 608 Ava Circle, N.E., Washington, D.C. 20017 (the "Property"). *See, generally*, Ex. A; *see also Nationstar Mortgage LLC v. Terrell*, No. 2016 CA 002420 R(RP) (D.C. Super. Ct. filed Apr. 1, 2016) (ratifying foreclosure sale of the Property). Appellant sought $1,000,000,000 in monetary damages and an order restraining Appellee from exercising any interest in the Property. Appellant pleaded nine counts: (1) Concealment and Abscondment, (2) Fraud, (3) Fraudulent Misrepresentation of Ownership, (4) Restrain of Trade in

2

Violation of D.C. Code § 28-4508, (5) Tortious Interference with (Prospective) Business, (6) Misappropriation or Deprivation of Rights, (7) Conversion, Intentional Infliction of Emotional Distress, (8) Breach of Contract, and (9) Violation of the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq.*) (the "FDCPA"). *See* Ex. A at Counts I–IX. Appellant sought compensatory damages in excess of $1,000,000,000, consequential damages in excess of $1,000,000,000, as well as punitive damages. Further, Appellant sought an injunction against Appellee from asserting any interest in the Property. *See id.* at 87-90.

On February 27, 2020, Appellee filed a Motion to Dismiss the Amended Complaint for failing to (a) make a short and plain statement of Appellant's claims showing that she is entitled to relief as required by Fed. R. Civ. P. 8(a), and (b) allege facts to show that she was entitled to any relief as required by Fed. R. Civ. P. 12(b)(6). In response, Appellant moved to remand the action to the Superior Court.

On August 12, 2020, the District Court entered an Order granting Appellee's Motion to Dismiss and Denying Appellant's Motion to Remand (the "First Dismissal Order"). Copies of the First Dismissal Order and Memorandum Opinion are attached hereto as **Exhibits B** and **C** respectively. Regarding removal, the District Court found that Appellee complied with the procedural requirements set forth in 28 U.S.C. § 1446. *See* Ex. C at 3-4 (noting that Appellee timely filed and served the notices of removal in the District Court and Superior Court along with the process

and pleadings served upon it). Further, the District Court confirmed that it had subject matter jurisdiction because (a) Appellant brought a claim under the FDCPA and (b) there was diversity of citizenship between the parties and Appellant sought over $1 billion in damages. *See* Ex. C at 4.

Having found that it had jurisdiction, the Court then held that the Amended Complaint did not satisfy Federal Rule of Civil Procedure 8(a). *See* Ex. C at 5. The Court noted the "prolixity of this pleading alone belies the conclusion that Plaintiff has offered a 'short and plain' statement of her claims for relief" and that her allegations and claims were "difficult to comprehend." *Id*. As an example, the District Court cited one of Appellant's three hundred and thirty paragraphs:

> "Defendant, and seemingly others, as Plaintiff diligently, including through strenuously previous and simultaneous Court request for Injunctive Relief, Entitledly, seeks to determine, individually and/or jointly, severally, officially, individually, collusively, conspiratorially, personally organizationally, corporately, and/or through (former employees, agents, assigns, contractors, instrumentalities and/or third parties, by unlawful, tortious and/or otherwise unlawful actions and/or omissions, including, but not limited to, extraordinarily sophisticated and/or oppressive means, including by and effecting furtherance, force, violence, concealment, abscondment, or other furtiveness, willfully and tortuously to withhold, including through variously process and otherwise (governmentally) abusive means, inclusion coercion, critical and generate and distribute knowingly fraudulent and false information fraudulently and impermissibly and improperly in such manner, Defendant-abusively, commensurate with fraud-facilitation or non-customary,

4

> bad faith and 'breach of duty' fraud exposure, as this Plaintiff experiences and as Herein provided . . ."

*Id.* at 6 (citing Am. Compl. ¶ 294).

Accordingly, the District Court dismissed the Amended Complaint for failure to give a short and plain statement of Appellant's claims under Federal Civil Rule 8, but gave Plaintiff leave until September 11, 2020 to file an amended complaint. Despite being given the opportunity to file an amended complaint, Appellant filed a motion to vacate the First Dismissal Order, but nevertheless filed her Second Amended Complaint. A copy of the Second Amended Complaint (the "SAC") is attached hereto as **Exhibit D**.

On July 2, 2021, the District Court entered an order granting Appellee's Motion to Dismiss the SAC, denying Appellant's Motion to Vacate, and denying other miscellaneous relief sought by Appellant (the "Second Dismissal Order"). Copies of the Second Dismissal Order and accompanying Memorandum are attached hereto as **Exhibits E** and **F** respectively.

Addressing Appellant's motion to vacate under Federal Rule of Civil Procedure 54(b), the District Court held that it "will not vacate its [First Dismissal Order]" because "[Appellant] offers no coherent argument as to why removal jurisdiction is improper in this action, or why some legal error, intervening change in the law, or new evidence requires reconsideration of this Court's August 12, 2020

5

Order." Ex. F at 4-5. In any event, the District Court again concluded that removal was proper. *Id*. at 5-6.

In addition, the District Court held that the "Second Amended Complaint, once again, falls well short of satisfying the strictures of Rule 8." *Id*. at 10 (noting the SAC and affidavit "totals over 150 pages and over 400 numbered-paragraphs"). Moreover, the Court found the SAC "extremely difficult to understand." *Id*. As examples, the District Court quoted verbatim four paragraphs of the SAC which are representative of the "inscrutable nature" of the SAC overall. *See id.* at 10-12. One paragraph of the SAC of reads:

> This Matter, requiring Court redress for and particularly Defendant intentionally, severe Plaintiff rights deprivations, including of, Plaintiff's basic human rights and free economic exercise, including but not limited to, restoration of all rights requisite to ascertainment of and regarding Plaintiff's injuries, including discovery thereof, also is pursuant to, this Plaintiff's post-September 9, 2018 experience of first-time information sufficiently considerably indicative of, and that, Plaintiff's severely harmful and damaging experiences, to-date, (are) by Defendant, for which Defendant is liable.

*Id.* at 11 (quoting Sec. Am. Compl., ECF No. 18-2, at ¶ 6). The District Court found that "[a]s the excerpted allegations above readily demonstrate, Plaintiff's Second Amended Complaint fails to provide either the Court or Defendant with a plain and concise statement of Plaintiff's claims." *Id.* at 12. Accordingly, the District Court dismissed without prejudice (a) the SAC for violating Federal Rule of Civil

6

Procedure 8 and (b) the case entirely as Appellant failed to address the deficiencies outlined in the First Dismissal Order. *Id*. at 12-13.

On July 30, 2021, Appellant filed another motion to vacate (the "Second Motion to Vacate"). A copy of the Second Motion to Vacate is attached hereto as **Exhibit G**. As with Appellant's previous filings, the Second Motion to Vacate is difficult to understand. Appellant appears to complain about the "Court-knowing intent to enter a Movant nonharmlessly [sic] manifestly unjust nonfinal order" and the District Court's lack of jurisdiction due to a "sham removal." Ex. G at 3, 4. On February 9, 2022, the District Court, applying Federal Rule of Civil Procedure 59(e) entered a Minute Order (the "Order Denying Second Motion to Vacate") dismissing that motion because Appellant "did not appear to raise any new argument, identify any intervening change in the law, or offer any new factual basis to overcome dismissal." Order Denying Second Motion to Vacate, a copy of which is included on the docket attached as **Exhibit H**. On March 10, 2022, Appellant appealed the Order Denying Second Motion to Vacate.

## ARGUMENT

### I. Standard of Review

This Court has held that summary affirmance is appropriate when the Court is "able to give the merits of [the] appeal 'the fullest consideration necessary to a just determination' without plenary briefing or oral argument." *Cascade*

7

*Broadcasting Grp., Ltd. v. FCC*, 822 F.2d 1172, 1173 (D.C. Cir. 1987) (quoting *Sills v. Bureau of Prisons*, 761 F.2d 792, 794 (D.C. Cir. 1985)); *see also Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297-98 (D.C. Cir. 1987) (noting that "[t]o summarily affirm an order of the district court, this court must conclude that no benefit will be gained from further briefing and argument of the issues presented").

II. **The Court Did Not Abuse Its Discretion Regarding the Second Dismissal Order.**

   a. **Granting Appellee's Motion to Dismiss and Dismissing the SAC and Case Without Prejudice Was a Proper Use of the District Court's Discretion.**

The District Court did not abuse its discretion when it dismissed the SAC and the case without prejudice. First, the District Court had already given Appellant the opportunity to cure her Rule 8 deficiencies contained in the amended complaint. *See* Exs. B, C (permitting Appellant to file an amended complaint by September 11, 2020). Second, the District Court correctly found that the SAC suffered from the same infirmities as the Amended Complaint. *See* Ex. F at 9-13. Indeed, the District Court quoted four excerpts from the SAC that were representative of the allegations contained in the pleadings. *Id*. at 11. One such excerpt being:

> Including particularly, post-September 9, 2018 information, inclusive of factual information, including and of 'otherwise communicative' date/numeric references and otherwise Plaintiff physicality experiences, reasonably sufficient considerable of and regarding this Plaintiff's experiences, by Defendant, particularly by, of and through Defendant's Plaintiff-involuntary,

8

> information-exacting conduct pursuant to DSCS Matter 2016 CA 002420, including as further, alleged, below: (i) this Plaintiff's/Special Appearance Movant, Pro Se's, particularly Tennessee-related, motor vehicle(s) operation history; (ii) Plaintiff's, as Provided, 2009 purchase of Property; (iii) Plaintiff's tortious, seemingly Property-related 2011 experiences; (iv) later 2011 conduct through 2012 Plaintiff experiences, further tortious, seemingly post-September 9, 2018. . . .

*Id.* (quoting SAC ¶ 11). The District Court found the "pleading almost entirely incomprehensible" and concluded that it "fail[ed] to provide either the Court or Defendant with a plain and concise statement of Plaintiff's claims." *Id*. at 12 (citing *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 420 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (dismissing complaint where the "unnecessary level of prolixity, detail, and disconnect within the facts and legal claims ma[d]e it impossible for this Court or Defendants' counsel to proceed with th[e] litigation in any reasonable manner")).

Third, the District Court dismissed the SAC and the case *without* prejudice. *Id*. at 12, 13. In doing so, the District Court recognized Appellant's *pro se* status and this Court's instruction that a dismissal without prejudice is generally the appropriate disposition for a pleading that fails to withstand Rule 8 so as to not impose the bar of *res judicata* against any of Appellant's future filings. *Id.* at 13 (citing *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004)). The SAC clearly did not provide a short and plain statement of Appellant's claims. *See* Ex. D. As such,

9

the District Court did not abuse its discretion when it followed this Court's instructions for dismissing such an incomprehensible complaint and case without prejudice. Accordingly, this Court should summarily affirm the Second Dismissal Order. *See Taxpayers Watchdog, Inc.*, 819 F.2d at 297-98.

### b. The District Court Was Correct in Denying Appellant's Motion to Vacate.

The District Court was correct in deciding not to vacate the First Dismissal Order. *See* Ex. F at 3-6. Reviewing the record for a second time, the District Court again concluded that Appellee's notice of removal was timely filed under 28 U.S.C. § 1446(b), that it complied with all of the requirements of 28 U.S.C. § 1446(a) by submitting copies of all "process, pleadings, and orders" it received, and that it filed and served the removal notices pursuant to 28 U.S.C. § 1446(d). *Id*. at 5. The District Court properly found that it had jurisdiction over Appellant's Fair Debt Collection Practices Claim and that it had diversity jurisdiction under 28 U.S.C. § 1332 (citing ECF No. 1 at ¶¶ 9-19; Mem. Op., ECF No. 15, at 4).

Second, the District Court did not abuse its discretion when it declined to certify an interlocutory appeal of its denial of Appellant's Motion to Remand. Appellant did not demonstrate any "exceptional circumstances" to warrant certification of an interlocutory appeal of the First Dismissal Order under 28 U.S.C. § 1292(b). "That Order, and its accompanying Memorandum Opinion, address straightforward and well-defined questions about federal removal procedures,

10

subject matter jurisdiction and pleading standards." Ex. F at 7. Third, there is certainly no error in the District Court's order denying as moot, Appellant's requests for an extension of time where she nonetheless proceeded to file the SAC. Finally, the District Court did not abuse its discretion when it denied Appellant's apparent second request to reconsider the First Dismissal Order under Rule 60(a). It properly noted that Appellant's request went beyond a narrow request to correct a clerical mistake arising from an oversight or omission, and finding no other grounds that would support relief under Rule 60, denied Appellant's Motion. *See* Ex. F at 8-9. Accordingly, the Court should summarily affirm the Second Dismissal Order. *See Taxpayers Watchdog, Inc.*, 819 F.2d at 297-98.

### c.   The Court Should Summarily Affirm the District Court's Denial of Appellant's Other Requests for Relief.

In the Second Dismissal order, the District Court addressed several of Appellant's filings where she appeared to request relief. *See* Ex. F at 13-17. Aside from her request for an extension of time to file her reply brief, the District Court again found the Appellant's requests "extremely difficult to follow." *Id*. at 16. After due consideration, however, the District Court found that Appellant's challenge to removal jurisdiction and her request for sanctions against Appellee to be duplicative of her earlier motions and meritless. *See id*. Accordingly, the Court should summarily affirm the District Court's denial of Appellant's other request for relief. *See Taxpayers Watchdog, Inc.*, 819 F.2d at 297-98.

**III. The Court Did Not Abuse Its Discretion By Denying the Second Motion to Vacate.**

This Court has held that "[a] Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky*, 355 F.3d at 671 (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).

As with her other filings, Appellant's Motion to Vacate the Second Dismissal Order is practically incomprehensible. *See generally*, Ex. G. What is clear is that she failed to satisfy her burden that relief under Rule 59(e) was warranted. Appellant did not specify an intervening change in the law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice. *See id*. Instead, Appellant appeared to reargue that this Court did not have jurisdiction over this matter. *See id.* at 8-9. "Rule 59(e) motions 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). The District Court had twice addressed Appellant's allegations and jurisdictional arguments and found that removal was proper and her complaints failed to put Appellee on notice of her claims. ECF Nos. 14, 15, 32, 33. Reviewing Appellant's arguments yet again, the District Court did not abuse its discretion in denying Appellant's Motion to Vacate the Second Dismissal because "[Appellant]

12

[did] not appear to raise any new argument, identify any intervening change in the law, or offer any new factual basis to overcome dismissal." Ex. H; *see also Ciralsky*, 355 F.3d at 671 (finding that the District Court did not abuse its discretion when it denied plaintiff's motion to reconsider its dismissal of complaint and case under Rule 8 without prejudice). Accordingly, the Court should summarily affirm the District Court's denial of the Order Denying Second Motion to Vacate. *See Taxpayers Watchdog, Inc*, 819 F.2d at 297-98.

## CONCLUSION

The Court should summarily affirm the decisions of District Court and dismiss the appeal.

Dated: April 28, 2022                                        Respectfully submitted,

                                                                                      */s/ Lyle D. Kossis*

                                                                                      Lyle D. Kossis
                                                                                       McGuireWoods LLP
                                                                                       Gateway Plaza
                                                                                       800 East Canal Street
                                                                                       Richmond, VA 23219
                                                                                       T: (804) 775-4703
                                                                                       F: (804) 698-2041
                                                                                       lkossis@mcguirewoods.com

                                                                                       *Counsel for Appellee Mr. Cooper Group, Inc.*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1.  This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A), because, excluding parts of this documents exempted by Fed. R. App. P. 32(f), this document contains 3,035 words.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because this document has been prepared in a proportionately spaced typeface using Microsoft Word Version 10 in 14-point font and Times New Roman font style.

*/s/ Lyle D. Kossis*
Lyle D. Kossis

*Counsel for Appellee Mr. Cooper Group, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2022, I filed the foregoing with the Clerk of the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system. I also certify that on the same day, I sent a copy of the foregoing through U.S. Mail, postage prepaid, to the following:

> Lori E. Terrell
> 607 Ava Circle, N.E.
> Washington, D.C. 20017-2306

>> /s/ Lyle D. Kossis
>> Lyle D. Kossis
>>
>> *Counsel for Appellee Mr. Cooper Group, Inc.*